**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**AVI & CO NY CORP.,**

                    **Plaintiff,**

   -against-

**CHANNELADVISOR CORPORATION,**

                    **Defendant.**
-------------------------------------------------------------x

**Case No.:** 1:22-cv-10599 (PAE) (SLC)

**COMPLAINT**

Plaintiff Avi & Co NY Corp. (hereinafter "Avi & Co" or "Plaintiff") by its attorneys, Milman Labuda Law Group PLLC, as and for its Complaint against Defendant ChannelAdvisor Corporation (hereinafter "ChannelAdvisor" or "Defendant"), respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff has been required to file this case to seek redress for Defendant's failure to abide by its agreement to provide a working platform that combines multiple marketplaces in one unified platform, designed to eliminate the need to juggle inventory on separate marketplaces; the problem is that Defendant's platform was plagued with problems such that it never worked as advertised nor operated as the parties intended pursuant to their agreement with each other.

2. Plaintiff therefore commenced suit to assert causes of action for breach of contract, unjust enrichment, deceptive business practices, false advertising, breach of express warranty, breach of implied warranty of merchantability, negligent representation, and fraud.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 since the controversy involves citizens of different states and involves more than $75,000.00.

4. Specifically, Plaintiff is duly incorporated and has a principal place of business in New York while Defendant is incorporated in Delaware and has a principal place of businss in North Carolina.

5. Moreover, the value of the amount in controversy exceeds $75,000.00, exclusive of attorney' fees, costs and interest, as Plaintiff seeks well over $400,000.00 in compensatory damages alone, consisting of the amounts it paid Defendant for its flawed and poorly functioning platform, in addition to consequential and incidental damages.

6. In addition, venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2).

7. At all times material hereto, Plaintiff has operated, conducted, engaged in, and/or carried on a business or business venture in the State of New York.

8. Further, there is a requisite nexus between ChannelAdvisor and the State of New York as Defendant engaged in substantial and not isolated activity within the State of New York.

9. Last but not least, at all times material hereto, a substantial portion of the events giving rise to this action arose in this judicial district.

**PARTIES**

10. Plaintiff Avi & Co is boutique specializing in diamond jewelry & luxury watches; it also custom designs such jewelry and watches.

11. Defendant ChannelAdvisor is company that purports to provide businesses with a proprietary cloud-based e-commerce software platform that is comprised of a series of modules that may be used independently or together to allegedly streamline a business' use of multiple online marketplaces in order to more easily facilitate sales.

**FACTS**

12. In or about July 2019, ChannelAdvisor entered into an agreement with Avi & Co (hereinafter the "Agreement").

13. Prior thereto, Defendant flew an employee of Plaintiff's out to North Carolina to showcase their platform.

14. During their meeting, Defendant promised Plaintiff that their unified platform works and will streamline Plaintiff's sales and lead to more revenue.

15. Among other such promises, both in its advertising and in the Agreement, ChannelAdvisor touts its "Digital Marketing Module" as a necessary tool for retailers, which purportedly allows a customer to manage digital marketing campaigns *across multiple channels and providers from a single interface*.

16. ChannelAdvisor advertised its Digital Marketing Module as a proprietary device that would streamline a retailer's sales efforts and help companies like Avi & Co make more in sales.

17. However, from the get-go, ChannelAdvisor's technology floundered and failed.

18. For example, data mapping was not mapping to the correct platforms with the right information such as correct pricing or pricing updates not being correlated.

19. Similarly, data feeds were not updating enough for Avi & Co.

20. The platform was not working as advertised or promised in the Agreement.

21. The main issue was that the feed to Avi & Co's website (and all other marketplaces) went only in a specific direction, rather than going in both directions, as intended.

22. Ideally, JewelMate (another online marketplace) was supposed to feed to Channel Advisor, which then feeds to numerous other marketplaces.

23. When items are sold, Channel Advisor is supposed to notify Avi & Co of the sale and remove the item from all the other marketplaces where that item was available simultaneously with the marketplace that the item sold from, and then a feed should go back to JewelMate in order to process the sale. This function routinely and epicly failed.

24. Instead, while items were placed on the marketplaces, there would never be any update on the other marketplaces if an item sold from one of the marketplaces.

25. In addition, when changes were made to an item, this change would not properly reflect on all other marketplaces.

26. Throughout the course of the parties' working relationship, Plaintiff complained to Defendant concerning the failure of its product to work as advertised.

27. As a result of Defendant's conduct, Plaintiff suffered at least $400,000.00 in damages, exclusive of consequential and incidental damages, consisting of lost profit on sales in an amount to be determined at trial.

## AS AND FOR A FIRST CLAIM FOR RELIEF

*Breach of Contract*

28. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

29. The Agreement was a valid and binding agreement by and between Avi & Co and ChannelAdvisor.

30. The Agreement was supported by valuable consideration.

31. Avi & Co fully performed its obligations pursuant to the Agreement.

32. By failing to provide the services due and owing pursuant to the Agreement, ChannelAdvisor intentionally breached the Agreement, thereby relieving Avi & Co from any further obligations under the Agreement.

33. As a result of the breach, despite Avi & Co's full performance under the Agreement, Avi & Co has sustained damages, which include, but are not limited to, the amount of $400,000.00, plus interest thereon from the date of the breach as well as any consequential and incidental damages.

34. Accordingly, ChannelAdvisor is liable for breach of contract for compensatory, incidental, and consequential damages, plus interest and costs.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### *Unjust Enrichment*

35. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

36. Both to the extent that ChannelAdvisor contends or this Court finds that there was no enforceable contract or agreement and idependently,– as a result of the conduct described above – ChannelAdvisor has been unjustly enriched at the expense of Avi & Co.

37. There is no adequate remedy at law because Plaintiff has been deprived of the benefit of its bargain due to Defendant's disastrous technology not properly working as advertised or intended.

38. The circumstances are therefore such that equity and good conscience require ChannelAdvisor to make restitution in the amount of $400,000.00 plus interest and costs thereon.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### *Deceptive Trade Practices*

39. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

40. New York General Business Law ("GBL") §349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] are . . . unlawful."

41. At all relevant times, ChannelAdvisors has engaged in business, trade, or commerce in New York within the meaning of GBL §349.

42. ChannelAdvisors has engaged in repeated and persistent deceptive acts and practices in the marketing of its products including but not limited to: billing for work related to streamlining multiple marketplaces into a single unified platform but failing to ever have the product work as intended and as promised.

43. By engaging in the acts and practices descibred above, all of which were materal, ChannelAdvisors has engaged in and continue to engage in deceptive business practices in violation of GBL §349.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### *False Advertising*

44. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

45. GBL § 350 prohibits "false advertising in the conduct of any business."

46. At all relevant times, ChannelAdvisors has been engaged in business in New York within the meaning of GBL § 350.

47. ChannelAdvisors has engaged in false advertising in violation of GBL §350 by: advertising a product that purportedly unifies multiple selling platforms into a single unified platform, which fails to do properly work as advertised and as agreed to.

48. By engaging in the acts and practices described above, all of which were material, ChannelAdvisors has engaged in and continue to engage in false advertising in violation of GBL §350.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

*Breach of Express Warranty*

49. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

50. Pursuant to the Agreement, ChannelAdvisors agreed to provide Plaintiff a single unified platofmr from which it could simultaneously manage its multiple online marketplaces.

51. Avi & Co was, and is, an intended beneficiary of ChannelAdvisors' express warranties and the contract governing the proprietary device that would streamline a retailer's sales efforts and help companies like Avi & Co make more in sales.

52. ChannelAdvisors breached its express warranties by designing, manufacturing, marketing, and distributing a defective product that failed to conform to the description provided in that it does not operate properly when used in a customary, usual, and reasonably foreseeable manner.

53. As a result of the breach, Avi & Co has been damaged in an amount to be determined at trial, but not less than $400,000.00, plus interest and costs thereon, together with any punitive, consequential, or incidental damages.

## **AS AND FOR A SIXTH CLAIM FOR RELIEF**

### *Breach of Implied Warranty of Merchantability*

54. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

55. ChannelAdvisors is a seller that regularly deals in the kinds of goods and services provided to Avi & Co, and ChannelAdvisors holds itself out as having knowledge or skill relating to such goods.

56. Pursuant to the contract between the parties, ChannelAdvisor agreed to, among other things, provide a working technolofical platform which unified multple marketplaces into one..

57. As implied warranty that this Model, sold and maintained by ChannelAdvisors, was merchantable and fit for the ordinary purpose for which such goods are used, arose by operation of law as part of the sale.

58. ChannelAdvisors breached its implied warranty of merchantability by marketing and distributing defective products that not only caused damages to Avi & Co's property but were in no way fit for the ordinary purpose for which the goods were intended.

59. As a result of the breach, Avi & Co has ben damaged in an amount to be determined at trial, but not less than $400,000.00, plus costs and interest thereon.

## **AS AND FOR A SEVENTH CLAIM FOR RELIEF**

### *Negligent Misrepresentation*

60. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

61. ChannelAdvisors should have known his representations that its Digital Marketing Module combined multiple marketplaces into a single platform were false.

62. ChannelAdvisor knew that Avi & Co was using and relying on the information provided by ChannelAdvisor to agree to the Agreement.

63. ChannelAdvisor maintained a special relationship of trust and confidence to Avi & Co, imposing a duty on ChannelAdvisor to impart correct information to Avi & Co.

64. ChannelAdvisor prevented Avi & Co from obtaining the information necessary to verify the accuracy of ChannelAdvisor's representations.

65. Avi & Co detrimentally relied on ChannelAdvisor's representations and entered into the Agreement based on the false information ChannelAdvisor provided.

66. As a result of ChannelAdvisor's conduct, Avi & Co has been and continues to be damaged.

67. As a direct, proximate and foreseeable result of ChannelAdvisor's misconduct, Avi & Co has been damaged in an amount to be determined at trial, but no less than $400,000.00, plus punitive damages.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF

*Fraudulent Inducement*

68. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

69. The parties entered into a contract with for the provision of a unified marketing platform that is designed to eliminate the need to juggle inventory on separate marketplaces.

70. In inducing Plaintiff to enter into said contract, Defendant misrepresented that its digital marketing device will streamline sales for Plaintiff and make Plaintiff more profitable.

71. These representations were material and were justifiably relied on by Plaintiff in entering into an agreement with Defendant.

72. These representations were false when made, Defendant knew of their falsity, and made the representations with the intention that Plaintiff rely on them.

73. Because Plaintiff did not receive the benefit of a single platform that elimated the need to juggle inventory on multiple marketplaces, it did not receive the consideration for which it paid in purchasing Defendant's services and platform.

74. That Defendant did not provide Plaintiff with a working platform is a material and willful failure to confer consideration by Defendant.

75. As a result of Defendants' fraudulent inducement of Plaintiff to enter into their agreement and/or its failure to provide appropriate consideration, Plaintiff has been damaged.

76. To the extent that Plaintiff is unable to be made whole on its claims for monetary damages, it is entitled to rescind the contract and receive restitution of the amounts paid to Defendant.

77. As a direct, proximate, and foreseeable result of ChannelAdvisor's misconduct, Avi & Co has been damaged in an amount to be determined at trial, but no less than $400,000.00, plus punitive damages.

## JURY DEMAND

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of the within action of all issues so triable.

**WHEREFORE**, by reason of the foregoing, Plaintiff prays for a judgment against Defendant as follows:

      a)      On the each cause of action, damages in an amount to be determined at trial but no less than $1,000,000.00 including attorney's fees, costs and interests;

      b)      For such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: Lake Success, New York
       January 31, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Plaintiff*
*Avi & Co NY Corp.*

**VIA ECF**
**MORNINGSTAR LAW GROUP**
Attn: Jeffrey L. Roether
700 West Main St.
Durham, NC 27701-2801
(919) 590-0368 (office)
(919) 882-8890 (facsimile)
jroether@morningstarlawgroup.com

*Attorneys for Defendant*
*ChannelAdvisor Corporation*

**VIA ECF**
**KOSTELANETZ LLP**
Attn: Claude M. Millman, Esq.
Seven World Trade Center
250 Greenwich Street, 34th Floor
New York, NY 10007-0007
(212) 808-8100 (office)
(212) 808-8108 (facsimile)
cmillman@kflaw.com

*Attorneys for Defendant*
*ChannelAdvisor Corporation*