UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
AVI & CO NY CORP,                                     :
                                                      :
                               Plaintiff,             :        22 Civ. 10599 (PAE)
                                                      :
               -v-                                    :        ORDER
                                                      :
CHANNELADVISOR CORPORATION,                           :
                                                      :
                               Defendants.            :
------------------------------------------------------------------------:
                                                      X

PAUL A. ENGELMAYER, District Judge:

 On December 15, 2022, defendant Channeladvisor Corporation ("Channeladvisor")

removed this breach of contract action from the Supreme Court of New York, New York

County. Dkt. 1. The next day, counsel appeared for plaintiff Avi & Co NY Corp ("Avi"), Dkt.

4, and filed a Rule 7.1 corporate disclosure statement, Dkt. 5. On December 21, 2022, the parties

jointly requested extensions for Avi to file the Complaint in this Court and for Channeladvisor to

respond, Dkt. 10, which the Court granted later the same day, Dkt. 11. On January 31, 2023, Avi

filed the Complaint, alleging common-law breach of contract, unjust enrichment, breach of

express warranty, breach of implied warranty of merchantability, negligent misrepresentation,

and fraudulent inducement, and deceptive trade practices and false advertising claims under New

York law. Dkt. 12. Its claims all sound in Channeladvisors's alleged failure to fulfill its

promises and contractual obligations to facilitate Avi's management of multiple digital

marketing campaigns, across multiple platforms, from Channeladvisor's single interface. *See id.*

¶¶ 2–27.

1

On March 2, 2023, Channeladvisor moved to transfer this case to the Eastern District of North Carolina, Western Division, under to 28 U.S.C. § 1404, Dkt. 13, pursuant to a binding forum-selection clause, and filed a memorandum of law, Dkt. 16 ("Mem."), and declarations, Dkts. 14–15, in support.[1]  On March 9, 2023, the Court ordered Avi to file a response to the motion to transfer venue by March 23, 2023.  Dkt. 19.  Avi did not do so, and has not opposed the motion or otherwise acted in this action since filing the Complaint.

The Court grants the unopposed motions for the reasons below.

## I.     Legal Standards Governing Motions Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . or to which all parties have consented."

In general, § 1404(a) gives district courts wide latitude to decide whether to transfer venue. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *Guardian Life Ins. Co. of Am. v. Hernandez*, No. 11 Civ. 2114 (SAS), 2011 WL 3678134, at *2 (S.D.N.Y. Aug. 22, 2011). "In deciding a motion to transfer, a court should first inquire whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Bent v. Zounds Hearing Franchising, LLC*, No. 15 CIV. 6555 (PAE), 2016 WL 153092, at *3 (S.D.N.Y. Jan. 12, 2016) (internal quotation marks omitted).

Assessing whether transfer is a valid exercise of discretion ordinarily requires the Court to balance various factors, including: (1) the convenience of witnesses; (2) the convenience of

---

[1] The same day, Channeladvisor also filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Dkt. 17, and memorandum of law in support, Dkt. 18.

the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Id.* at \*4; *see also Kreinberg v. Dow Chem. Co.*, 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56–57 (S.D.N.Y. 2001).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (quoting *Stewart*, 487 U.S. at 31). A forum-selection clause is "presumptively enforceable" if the moving party can demonstrate that: (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory, rather than permissive, in nature; and (3) the clause encompasses the plaintiff's claims. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). If these conditions are satisfied, the clause must be enforced unless the party opposing transfer makes a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid." *Martinez v. Bloomberg LP*, 740 F.3d 211, 221 (2d Cir. 2014) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).

**II.    Analysis**

The Court has reviewed Channeladvisor's motion to transfer venue and accompanying materials carefully. *See Bent*, 2016 WL 153092, at \*1 n.1 (considering affidavits and agreement in deciding § 1404 motion). Avi's claims against Channeladvisor could have been brought in the Eastern District of North Carolina because that District has personal jurisdiction over

3

Channeladvisor and is an appropriate venue for Avi's claims. *Id.* at 4–5. The Eastern District of North Carolina has personal jurisdiction over Channeladvisor by virtue of, *inter alia*, its express consent. Dkt. 14 ¶ 6; *see, e.g.*, Mem. at 11–12 (forum-selection clause is mandatory). The Eastern District of North Carolina is also an appropriate venue for the litigation of Avi's claims because Channeladvisor's alleged misrepresentations, Dkt. 12 ¶¶ 13–14 (Channeladvisor flew Avi employee to North Carolina to "showcase [its] platform" and made promises at meeting about platform's ability), inducement, *id.*, and breaches, *id.* ¶ 4 (principal place of business in North Carolina); *see* Dkt. 14 ¶¶ 20–23, are alleged to have occurred there. *See, e.g.*, *Bent*, 2016 WL 153092, at *5 (personal jurisdiction and venue where substantial part of events or omissions giving rise to claim occurred in forum); *see also* 28 U.S.C. § 1391(b)(2) (venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

Having found that Avi's claims against Channeladvisor could have been brought in the Eastern District of North Carolina, the Court considers whether transfer is an appropriate exercise of its discretion. Here, the relevant factors under § 1404 overwhelmingly support transferring this action as a whole to the Eastern District of North Carolina.

After its independent review of the materials and case law, the Court determines that the clause was reasonably and repeatedly communicated to Avi, who agreed to its terms, Dkt. 14 ¶¶ 7–11 (Avi signed statements of work incorporated into Master Services Agreement), 13–16; *id.*, Exs. 1–7, is mandatory,[2] and encompasses Avi's claims against Channeladvisor substantially

---

[2] In full, the forum-selection clause provides: "The laws of the state of North Carolina, without regard to its conflicts of laws provisions, govern this Agreement, and each party irrevocably and unconditionally consents and submits to the exclusive jurisdiction of the applicable courts located in Wake County, North Carolina for purposes of any action, suit or proceeding arising

for the reasons Channeladvisor outlines. *See* Mem. at 8–16. The clause is, therefore,

presumptively enforceable. And Avi has neither opposed transfer nor made any showing—let

alone a sufficiently strong one—that enforcement of the forum-selection clause would be

unreasonable or unjust, or that the clause is invalid, so as to rebut that presumption.

Here, too, the public interest factors weigh in favor of enforcement. Such factors include

> [1] the administrative difficulties flowing from court congestion; [2] the local
> interest in having localized controversies decided at home; [3] the interest in having
> the trial of a diversity case in a forum that is at home with the law that must govern
> the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the
> application of foreign law; and [5] the unfairness of burdening citizens in an
> unrelated forum with jury duty.

*Giordano v. UBS, AG*, 134 F. Supp. 3d 697, 704 (S.D.N.Y. 2015) (quoting *Piper Aircraft Co. v.*

*Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotation omitted)). Channeladvisor attests that

the judiciary of the Eastern District of North Carolina has no vacancies, *see* Dkt. 15 ¶ 3 & Ex. B,

and that there is no other reason to anticipate the transfer of this case will cause administrative

difficulty, Mem. at 16. *See Glob. Art Exhibitions, Inc. v. Kuhn & Bulow Italia*

*Versicherungsmakler GmbH*, 607 F. Supp. 3d 421, 440 (S.D.N.Y. 2022) ("In any case, when a

federal court has a full complement of judges for the District, . . . it makes the concern of judicial

burden "of little or no present significance." (internal quotation marks omitted)). And North

Carolina has a greater interest in resolving the dispute, given that, as alleged, the violations of

law occurred there. *See WindServe Marine, LLC v. US Workboats, LLC*, No. 20 Civ. 532 (ENV)

(RLM), 2021 WL 5749827, at *7 (E.D.N.Y. Apr. 16, 2021) (enforcing forum-selection clause

where contract's partial performance and alleged breach both occurred in North Carolina, giving

---

out of or relating to this Agreement and agrees that service of any process, summons, notice or
document by registered mail or the equivalent to the address stated in the SOW is effective
service of process for any action, suit or proceeding brought against the party under this
Agreement." Dk. 14, Ex. D § 11.3.

that state and its juries the greater interest in resolving the dispute); *Giordano*, 134 F. Supp. 3d at

704 (not a localized controversy and enforcement proper where majority of conduct occurred in

foreign forum). Finally, North Carolina has a strong interest in enforcing contracts governed by

its laws—like the contract here—and there is no good reason to burden the New York jury pool

with a trial of Avi's claims, where the relevant alleged misconduct occurred elsewhere. *See*

*Giordano*, 134 F. Supp. 3d at 705.

## CONCLUSION

For the foregoing reasons—and because "a valid forum-selection clause [should be]

given controlling weight in all but the most exceptional cases," *Atl. Marine,* 571 U.S. at 63

(alteration in original) (citation omitted), and Avi has not made any showing, let alone met its

burden, that exceptional circumstances exist here—Channeladvisor's motion to transfer venue

pursuant to 28 U.S.C. § 1404 is granted. The Clerk of Court is respectfully directed to terminate

the motion at docket 13 and transfer this case to the Eastern District of North Carolina, Western

Division.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: March 30, 2023
      New York, New York